UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARITY GERRISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02021-TWP-MPB |
| | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| RONALD REHMEL, | ) | |
| FNU EDWARDS, | ) | |
| JOHN DOE OFFICER #1, | ) | |
| JOHN DOE OFFICER #2, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Charity Gerrish, *pro se*, brings this complaint pursuant to 42 U.S.C. § 1983 alleging that she was subjected to excessive force in the course of an arrest and that she was not provided proper medical attention.

**I. Screening of the Complaint**

Ms. Gerrish's complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute provides that a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Ms. Gerrish alleges that, in the course of her arrest, she was struck by a police car driven by an unknown officer. She also alleges that Officer Edwards then forced her to the ground and that Officer Edwards and the unknown officer injured her while placing her in handcuffs. These officers and a second unknown officer ignored her requests for medical attention. Ms. Gerrish

goes on to allege that Officer Rehmel also participated in the arrest and also failed to respond to her requests for medical attention. Finally, Ms. Gerrish asserts that the failures of these officers were the result of policy and practice of the City of Indianapolis.

Based on the Court's screening of the complaint, the complaint **shall proceed** against defendants Edwards and Rehmel as claims that these defendants subjected Ms. Gerrish to excessive force and ignored her serious medical needs in violation of her Fourth Amendment rights. The same claims **shall proceed** against the City of Indianapolis as a claim that the City maintained a policy or practice that resulted in the denial of Ms. Gerrish's rights. Any claim against a John Doe defendant is **dismissed** because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Ms. Gerrish is able to learn the name of the unknown defendants, she may seek leave to add a claim against them.

## II. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with her. If the plaintiff fails to keep the Court informed of her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## III. Conclusion and Service of Process

As explained above, the claims against defendants Officer Edwards, Officer Rehmel, and the City of Indianapolis shall proceed. This summary of remaining claims includes all of the

viable claims identified by the Court. All other claims have been dismissed. The **clerk shall** terminate the John Doe defendants on the docket. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, she shall have **through August 8, 2018,** in which to identify those claims.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 7/20/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARITY GERRISH
5655 Alpine Ave.
Indianapolis, IN 46224

Officer Edwards
Indianapolis Metropolitan Police Department
50 North Alabama Street
Indianapolis, Indiana 46204

Officer Rehmel
Indianapolis Metropolitan Police Department
50 North Alabama Street
Indianapolis, Indiana 46204

City of Indianapolis
200 West Washington St. #1601
Indianapolis, IN 46204